# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA I. HUMMEL and,** | : | CIVIL ACTION NO. 1:08-CV-1567 |
| **RACHEL BINKLEY,** | : | |
| | : | |
| Plaintiffs | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PRIME CARE**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 16th day March, 2009, upon consideration of the order of court (Doc. 11) dated February 4, 2009, which instructed plaintiff Rachel Binkley ("Binkley") to either pay the filing fee or submit an application to proceed *in forma pauperis* on or before March 9, 2009, and upon further consideration of the letter (Doc. 14) received from plaintiff Barbara Hummel ("Hummel") on March 14, 2009, requesting to add additional claims to her amended complaint (Doc. 9) in the above-captioned suit, and it appearing that, as of the date hereof, Binkley has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*,[1] and it further appearing that Binkley did not sign the amended complaint, that the factual averments contained therein do not describe any actions that defendants performed with respect to her, and that she has become involved in the instant matter only because she is an acquaintance of Hummel and because Hummel

---

[1] On February 4, 2009, the court sent Binkley blank copies of an application to proceed *in forma pauperis* and an inmate trust fund authorization form. These materials were returned as undeliverable on February 10, 2009. (Doc. 13.)

attached a grievance that Binkley submitted to defendants as an exhibit to Hummel's amended complaint, and the court concluding that the amended complaint therefore fails to state any claim upon which relief may be granted to Binkley, and the court further concluding that Hummel may not advance additional claims against defendants by transmitting a letter to the court, and that she may only assert such claims by filing a second amended complaint averring facts sufficient to place defendants on notice of her new claims, it is hereby ORDERED that:

1. All claims of Rachel Binkley are DISMISSED without prejudice to her right to pursue them in a separate suit.  See 28 U.S.C. § 1915A(b).

2. The letter (Doc. 14) received from Barbara Hummel is CONSTRUED as a motion for leave to file a second amended complaint and is GRANTED as so construed.  Barbara Hummel shall be permitted to file a second amended complaint on or before April 10, 2009 that sets forth *all facts* and states *all claims* for which she seeks recovery from defendants.[2]  The averments of any such complaint must appear in numbered paragraphs, and each paragraph must be limit as far as practicable to a single set of circumstances.  See FED. R. CIV. P. 10(b).  In the absence of a second amended complaint, the court will instructed that the amended complaint (Doc. 9) be served upon defendants in accordance with 28 U.S.C. § 1915(d).[3]

---

[2] The second amended complaint should include both the facts and claims contained in the amended complaint (Doc. 9) as well as those set forth in Hummel's letter (Doc. 11).

[3] The amended complaint (Doc. 9) is difficult to read and frequently illegible.  In the first several pages, words are often scrawled out, and the print quality of many lines renders them difficult to decipher.  Filing a second amended complaint will allow Hummel to add the factual allegations described in her letter (Doc. 11) and to submit a clearly written document that will permit defendants to formulate a meaningful response to her averments.

3. The Clerk of Court is instructed to DROP Rachel Binkley as a party to this matter. <u>See</u> FED. R. CIV. P. 21.

4. The Clerk of Court is instructed to transmit this order together with a blank copy of the Prisoner Civil Rights Complaint form to Barbara Hummel via first class mail.

      <u>S/ Christopher C. Conner</u>
      CHRISTOPHER C. CONNER
      United States District Judge