IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARBARA I. HUMMEL,** | : | CIVIL ACTION NO. 1:08-CV-1567 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **PRIME CARE and DOUG P.A.**, | : | |
| Defendant | : | |

## MEMORANDUM

In autumn 2008, *pro se* plaintiff filed an amended complaint (Doc. 9) alleging civil rights claims against defendant Prime Care and former defendants, many of whom are employees of the Dauphin County Prison ("DCP"), where plaintiff was previously incarcerated.  The complaint alleges constitutional violations resulting from a urine sample given by plaintiff that tested positive for controlled substances. (See Doc. 9 at ¶¶ IV.2-.4.)  Plaintiff was disciplined in accordance with DCP policy. (Id.)  Plaintiff contends that she has never used controlled substances and was therefore disciplined in violation of her constitutional rights.

On March 10, 2009, the court received a letter (Doc. 14) from plaintiff stating that she desired to assert an additional claim against defendant Prime Care due to allegedly inadequate medical treatment that she received at DCP for arthritis.  On March 16, 2009, the court issued an order (Doc. 15) informing plaintiff that new claims cannot be asserted by simply sending a letter to the court.  The court instructed plaintiff to file a new complaint containing *each and every claim* that she wished to assert against *all defendants*.  (Doc. 15 ¶ 2.)  The court granted plaintiff

leave to file a second amended complaint that described her alleged injuries associated with both the urine test and her medical treatment. (Id.) On March 23, 2009, plaintiff filed a second amended complaint (Doc. 18), which she styled as an "addendum" to her case, that stated only her claims for medical treatment and omitted her claims associated with the urine test.

When plaintiff seeks to add claims to her case, she *must* request leave to file an amended complaint that includes *both* the claims that she previously asserted *and* the new claims that she wishes to append. See FED. R. CIV. P. 8(a). The new complaint replaces the old one, and only the claims asserted in the new complaint are permitted to proceed. See Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of a lawsuit."). The purpose of this rule is rooted in common sense: The defendants must be able to respond meaningfully and completely to plaintiff's claims, a task that becomes difficult if defendants are forced to parse a series of complaints, letters, addenda, and the like.

Plaintiff's second amended complaint (Doc. 18), which alleges only her medical treatment claims, has therefore suspended her urine test claims. To be clear: the only claims plaintiff has currently asserted are those against Prime Care and Doug P.A. for improper medical treatment. Plaintiff's urine test claims are not part of the case at present.

Nevertheless, it appears that plaintiff did not intend to abandon these claims, and she cannot be faulted for her lack of knowledge regarding nuances of legal

procedure. Therefore, the court will grant plaintiff another opportunity to file a proper amended complaint. This complaint must *identify all defendants* and describe *each and every claim* that plaintiff wishes to file against *each defendant*. The complaint must restate *both* the urine test claims *and* the medical treatment claims in a single document. Plaintiff will be granted until April 30, 2009 to file such a complaint. The court will provide plaintiff with a *pro se* complaint form that she may use in preparing her claims. All factual allegations in the new complaint must appear in numbered paragraph form, each limited to a single set of circumstances. See FED. R. CIV. P. 10(b). If the plaintiff does not file an amended complaint by April 30, 2009, the court will proceed to hear *only* the medical treatment claims set forth in plaintiff's second amended complaint (Doc. 18).

    An appropriate order is attached.

                                          S/ Christopher C. Conner
                                          CHRISTOPHER C. CONNER
                                          United States District Judge

Dated:      March 27, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BARBARA I. HUMMEL,** : | **CIVIL ACTION NO. 1:08-CV-1567** |
| Plaintiff : | **(Judge Conner)** |
| v. : | |
| **PRIME CARE and DOUG P.A.,** : | |
| Defendant : | |

## ORDER

AND NOW, this 27th day of March, 2009, upon consideration of the amended complaint (Doc. 9), the letter (Doc. 14) received from plaintiff on March 10, 2009, and the second amended complaint (Doc. 18), and, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. On or before April 30, 2009, plaintiff shall be permitted to file a third amended complaint for the purposes set forth in the attached memorandum. Any such complaint must **identify all defendants and state each and every claim that plaintiff wishes to advance against each defendant**. In the absence of a third amended complaint, the court will instruct service of the second amended complaint (Doc. 18), which advances only claims for inadequate medical treatment.

2. The Clerk of Court is instructed to transmit this order together with a blank copy of the Prisoner Civil Rights Complaint form to plaintiff via first class mail.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge